

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

October 29, 1949

Brother Raphael Wilson, C.S.C.
Secretary-Treasurer
Texas State Board of Examiners
in the Basic Sciences
306 Nalle Building
Austin, Texas

Opinion No. V-942.

Re: The responsibility of the
Texas State Board of Examin-
ers in the Basic Sciences to
determine the eligibility of
veterans for exemption pur-
suant to Sec. 23a of H. B.
915, Acts 51st Leg., 1949.

Dear Brother Wilson:

Reference is made to your opinion request of
recent date wherein you ask:

Are Veterans coming within the provi-
sions of Section 23a, House Bill 915, Acts
of the 51st Legislature, 1949, page 522, re-
quired to secure exemption certificates from
the Board of Examiners in Basic Sciences be-
fore they may take an examination or be is-
sued a license to practice the healing arts?
What Board has the responsibility of deter-
mining whether an applicant is exempt under
said Act?

House Bill 103, Acts 51st Legislature, 1949,
chapter 95, page 170, more commonly referred to as "Basic
Sciences Act" is an Act prescribing minimum educational
standards and establishing a State Board of Examiners in
the Basic Sciences. Section 1 of H. B. 103 says that:

"No person shall be permitted to take an
examination for a license to practice the heal-
ing arts . . . or to be granted any such li-
cense, unless he presents to the Board . . . a
certificate of proficiency in . . . the basic
sciences, issued by the State Board of Examin-
ers in the Basic Sciences."

House Bill 103 was amended by House Bill 915, Acts of the 51st Legislature, 1949. This was an Act amending Sections 8, 16, and 18 of House Bill 103 and also added a new section known as 23a. Section 2 of House Bill 915 reads:

"That House Bill 103 . . . be amended by adding a new section at the end of Section 23 to be numbered Section 23a and to read as follows:

'The provisions of this Act shall not apply to graduates of schools of the healing arts who have been enrolled in their respective schools for at least one (1) year prior to the time this Act becomes law and who attended said schools under the G. I. Bill of Rights and were bona fide residents of the State of Texas at the time they entered the military service, provided further that this section shall not apply to any person who entered the military service after January 1, 1946.'"

In Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932), the court said:

"It is a familiar rule of statutory interpretation that an 'exception makes plain the intent that the statute should apply in all cases not excepted.'"

Also, see First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S.W. 550 (1921); Gulf C.& S. F. Ry. Co. v. Temple Grain & Hay Co., 58 S.W.2d 47 (Tex. Comm. App. 1933).

In Cameron v. City of Waco, 8 S.W.2d 249 (Tex. Civ. App. 1928), the court stated:

"'As a natural result of this principle, it follows that where in one section a general rule is prescribed, which without qualification would embrace an entire class of subjects, and in another section a different rule is prescribed for individual subjects of the same class, the latter must be construed as exceptions to the general rule, and be governed by the section which is applicable to them alone.'"

While it is true that Section 1 of House Bill 103 requires a certificate of proficiency in the basic sciences of those taking an examination for license to practice the healing art or before any person may be granted a license, nevertheless, the exceptions and exemptions contained in Section 23a of House Bill 915 supersede the general provisions enumerated in Section 1 of House Bill 103 and will control. As amended, it is as if Section 1 of H. B. 103 read, "No person, except veterans, etc., shall be permitted to take an examination . . . or be granted a license . . ."

By reason of the foregoing we agree with your conclusion that certificates of proficiency in the basic sciences need not be issued to applicants coming within the exemptions under Section 23a of House Bill 915, such determination to be made by the professional examining boards. In such cases, the veterans can make their applications directly to the professional examining boards.

## SUMMARY

There is no requirement that the Texas State Board of Examiners in the Basic Sciences issue certificates of proficiency in the basic sciences to applicants (veterans and those studying under the G. I. Bill) who are exempted under Section 23a of House Bill 915, Acts of the 51st Legislature, 1949. The responsibility to determine whether a particular applicant is exempt under said Act is that of the professional examining boards.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By ~~Burnell Waldrep~~ Burnell Waldrep
Assistant

By Bruce Allen
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

BW-BA:mw:bh